{¶ 27} Even after Foster severed the factual requirements necessary for imposing a maximum sentence under former R.C. 2929.14, the policy of statute and the General Assembly remains clear. That is, maximum sentences are reserved for those who commit the worst forms of the offense or where the defendant poses the greatest likelihood of recividism. See Griffith Katz, Ohio Felony Sentencing Law (2007 Ed.) 214, A.C. 2929.14-VIII. The record here is clear that Braun's conduct, while undeniably criminal, is not one of the worst forms of the offense. To the extent that the sentence is based upon this rationale, I believe it is contrary to law.
 {¶ 28} Whether the record supports a conclusion that Braun poses the greatest likelihood of recividism is a different story. The transcript of the sentencing hearing includes the following soliloquy by the court:
 You are correct, Attorney Baumgartel. Mr. Braun has a significant juvenile record. In December of `97, he was — admitted to an assault. In June of `98, admitted to an assault. July of `99, unruly in school. December of `99, assault. In December of `99, he was charged with criminal damaging. He subsequently permitted — demitted — admitted to that. December of `99, that was dismissed. On May 16th, 2001, an escape. June 4th, 2003, complicity for a receiving stolen property — compli — receiving stolen property, unauthorized use of a motor vehicle. June of 2003, theft. Criminal damaging, theft. Criminal damaging, theft. And criminal damaging. September of `04, theft. September of `04, felonious assault.
Braun clearly has not been deterred by previous punishment, which apparently included confinement in a juvenile facility. Thus, I agree with the trial court that Braun does pose the greatest likelihood of recividism. While I would not have imposed a maximum sentence in this case, I cannot say that the court's disposition is contrary to law or fails *Page 12 
to comply with the overriding principles and purposes of the statute.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion. Harsha, J.: Concurs in Judgment and Opinion with Opinion.
 *Page 1